| | |
|---|---|
| UNITED STATES DISTRICT COURT | |
| EASTERN DISTRICT OF CALIFORNIA | |

| | |
|---|---|
| JERSEY ARCHITECTURAL DOOR & SUPPLY, INC., | Case No. 1:13-mc-00038-EPG |
| Plaintiff, | ORDER DISCHARGING ORDER TO SHOW CAUSE |
| v. | (ECF Nos. 45, 46) |
| AEROPLATE CORP. and RONALD D. PATTERSON, | |
| Defendants. | |

On November 13, 2019, this Court issued an order to show cause (ECF No. 45), requiring Plaintiff, Jersey Architectural Door & Supply, Inc., to show cause for failing to comply with the Court's orders requiring Plaintiff to file a response to Aeroplate Corp.'s objections to the scope of documents Aeroplate was required to bring to a judgement debtor examination hearing (ECF Nos. 43, 44).

On November 14, 2019, Plaintiff emailed its response to the Court. The Court directed the Clerk of Court to file that response. (ECF No. 46.)

As discussed below, the Court finds that Plaintiff has failed to provide an adequate justification for its failure to comply with the Court's orders. Nonetheless, the Court declines to impose sanctions at this time, and discharges the order to show cause, but cautions Plaintiff that any future violations of the Court's orders, or failures to comply with Court procedures and rules,

will be met with less tolerance and could result in the imposition of sanctions, including the dismissal of this case.

**I.  BACKGROUND**

Plaintiff initiated this action on July 29, 2013, when it registered a foreign judgment. (ECF No. 1.) On August 21, 2019, Plaintiff filed an application for an order requiring defendant and judgment debtor Aeroplate Corp. to appear for a judgment debtor examination. (ECF No. 36.) The Court granted the application and entered an order on August 28, 2019, requiring Aeroplate to appear for a judgment debtor examination hearing on September 27, 2019, and to bring certain documents to that hearing. (ECF No. 38.)

On September 18, 2019, Aeroplate filed objections to the scope of the documents it was required to bring to the hearing. (ECF No. 41.) On that same date, Plaintiff contacted the Court and requested that the judgment debtor examination hearing be continued to allow both Plaintiff and Aeroplate additional time to prepare for the hearing. (ECF No. 40.) The Court granted the request and continued the hearing to November 15, 2019. (*Id.*) The Court also directed Plaintiff to file a response, no later than October 4, 2019, to Aeroplate's objections. (ECF No. 42.)

On October 4, 2019, Plaintiff again contacted the Court and requested that the deadline for Plaintiff to file its response to Aeroplate's objections be extended to October 31, 2019. Plaintiff represented to the Court that the extension of time was needed to allow Plaintiff to review the voluminous documents Aeroplate had provided and continued to provide to Plaintiff, and also because the parties were meeting and conferring in an effort to settle the matter, which would render a judgment debtor examination unnecessary. (ECF No. 43.) The Court granted the requested extension of the deadline, to October 31, 2019, for Plaintiff to file its response to Aeroplate's objections. (*Id.*) The deadline of October 31, 2019, passed and Plaintiff did not file a response to Aeroplate's objections as ordered by the Court.

On November 5, 2019, the Court vacated the judgment debtor examination hearing that was set for November 15, 2019, and ordered Plaintiff to file, no later than November 8, 2019, its response to Aeroplate's objections or a notice that the case had settled. (ECF No. 44.) The November 8, 2019, deadline passed, and Plaintiff failed to file a response to Aeroplate's

objections or notice that the case has settled. Plaintiff thus again failed to comply with the Court's orders.

On November 13, 2019, the Court issued an Order to Show Cause ("OSC"), ordering Plaintiff, Jersey Architectural Door & Supply, Inc., to show cause why sanctions, up to and including dismissal of this case, should not be issued for failure to comply with the Court's orders and for Plaintiff's failure to prosecute this case. (ECF No. 45.) Plaintiff was ordered to file a written response to the OSC no later than November 20, 2019. (*Id.*)

On November 14, 2019, Plaintiff sent via email to the Court's courtroom deputy a letter responding to the OSC. This letter states:

> Dear Judge Grosjean:
>
> This responds to the Order To Show Cause issued on November 13, 2019. No response to the objections asserted by Aeroplate was provided because the parties have been in settlement negotiations and had agreed to an open ended extension of time to respond while final details were hammered out.
>
> Please be advised that a settlement has been reached. We are working on the paperwork. The settlement contemplates a payment plan. The judgment will not be deemed satisfied until payment, in good and sufficient funds, is received in full.
>
> I apologize to the court for any inconvenience caused and ask that this case remain open until the judgment is deemed satisfied. We will then file appropriate documents with the court confirming satisfaction of the judgment. Please let me know if you need anything further, and thank you for your attention to this matter.

(ECF No. 46, Letter from Horner Law Group dated November 14, 2019.)

## II. LEGAL STANDARD

The Court has inherent power to sanction parties or their attorneys for improper conduct, such as the willful disobedience of the Court's orders. *See Chambers v. Nasco, Inc.*, 501 U.S. 32, 43-46 (1991) (a federal court has inherent power to impose sanctions where the litigant has engaged in "bad faith or willful disobedience of a court's order"); *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 766 (1980) (federal courts have inherent authority to impose sanctions for "willful disobedience of a court order"); *Fink v. Gomez*, 239 F.3d 989, 991 (9th Cir. 2001) (a federal court "has the inherent authority to impose sanctions for bad faith, which includes a broad range of willful improper conduct"); *see also* Local Rule 110 ("failure of counsel or of a party to

comply with these Rules or any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court.").

The determination of the appropriate sanction to impose for a party's failure to comply with a court order or with the federal rules is within the broad discretion of the district court. *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 642 (1976) ("The question, of course, is not whether this Court, or whether the Court of Appeals, would as an original matter have dismissed the action [as a sanction]; it is whether the District Court abused its discretion in so doing."); *Transamerica Corp. v. Transamerica Bancgrowth Corp*., 627 F.2d 963, 966 (9th Cir. 1980) (upholding as within the district court's discretion the entry of default judgment against defendant as sanction for failure to comply with court orders); *Anderson v. Air W., Inc.*, 542 F.2d 1090, 1093 (9th Cir. 1976) (same).

**III. DISCUSSION**

In its response to the OSC, Plaintiff does not explain its failure to comply with the Court's orders requiring Plaintiff to file a response to Aeroplate's objections or notify the Court that the case has settled. Plaintiff merely asserts that it did not file a response because the parties "have been in settlement negotiations and had agreed to an open ended extension of time to respond while final details were hammered out." The parties cannot, however, by agreement extend a deadline ordered by the Court. To obtain an extension of time, the parties must seek Court approval.

The Court finds Plaintiff's failure to file a response to the objections, or seek an extension of time to do so, to be a violation of the Court's orders. The Court further finds that Plaintiff's agreement with Aeroplate to an "open ended" extension of time does not excuse Plaintiff's violation of the Court's orders.

Although the Court has inherent authority to sanction Plaintiff for this willful violation of the Court's orders, after considering the particular circumstances at issue here, the Court declines to do so at this time. However, the Court reminds Plaintiff, and its counsel, of the duty to comply with all Court orders. Th Court also cautions Plaintiff that while the Court is being flexible about these violations, and is declining to impose sanctions for these violations, any future violations of

Court orders will be met with less tolerance and could result in the imposition of sanctions, including dismissal of this action.

IT IS ORDERED:

1. The Order to Show Cause (ECF No. 45) is DISCHARGED;
2. Plaintiff shall file, by December 31, 2019,
    a. A notice of settlement; or
    b. Response to the objections (ECF No. 41); or
    c. A request to withdraw the application for a judgment debtor examination of Aeroplate Corp. (ECF No. 36); and
3. Any further requests to, or correspondence with, the Court shall be made by filing the appropriate documents through the Court's electronic filing system and shall not be made through email correspondence with the courtroom deputy.

IT IS SO ORDERED.

Dated: **November 15, 2019**  /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE