# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERSEY ARCHITECTURAL DOOR & SUPPLY, INC.,<br><br>Plaintiffs,<br><br>v.<br><br><br>AEROPLATE CORP., *et al.*,<br><br>Defendants. | Case No. 1:13-mc-00038-EPG<br><br>**ORDER TO SHOW CAUSE FOR FAILURE TO COMPLY WITH COURT ORDERS AND FAILURE TO PROSECUTE** |

Plaintiff, Jersey Architectural Door & Supply, Inc., initiated this action on July 29, 2013, when it registered a foreign judgment. (ECF No. 1.)

For the reasons discussed below, the Court orders Plaintiff to show cause why sanctions, up to and including dismissal of this case, should not be issued for failure to comply with the Court's orders and for Plaintiff's failure to prosecute this case.

**A. Background**

*1. First Order to Show Cause*

On August 21, 2019, Plaintiff filed an application for an order requiring defendant and judgment debtor Aeroplate Corp., to appear for a judgment debtor's examination. (ECF No. 36.) The Court granted the application and entered an order on August 28, 2019, requiring Aeroplate to appear for a judgment debtor's examination hearing on September 27, 2019, and to bring certain documents to that hearing. (ECF No. 38.)

On September 18, 2019, Aeroplate filed objections to the scope of the document request. (ECF No. 41.) Plaintiff also contacted the Court on September 18, 2019, and requested that the

judgment debtor examination hearing be continued to allow both Plaintiff and Aeroplate additional time to prepare for the hearing. (ECF No. 40.) The Court granted the request and continued the hearing to November 15, 2019. (*Id.*) The Court also directed Plaintiff to file a response, no later than October 4, 2019, to Aeroplate's objections. (ECF No. 42.)

On October 4, 2019, Plaintiff again contacted the Court and requested that the deadline for Plaintiff to file its response to Aeroplate's objections be extended to October 31, 2019. Plaintiff represented to the Court that the extension of time was needed to allow Plaintiff to review the voluminous documents Aeroplate had provided and continued to provide to Plaintiff, and also because the parties were meeting and conferring in an effort to settle the matter, which would render a judgment debtor examination unnecessary. (ECF No. 43.) The Court granted the requested extension of the deadline, to October 31, 2019, for Plaintiff to file its response to Aeroplate's objections. (*Id.*) The deadline of October 31, 2019, passed and Plaintiff did not file a response to Aeroplate's objections as ordered by the Court.

On November 5, 2019, the Court vacated the judgment debtor examination hearing that was set for November 15, 2019, and ordered Plaintiff to file, no later than November 8, 2019, its response to Aeroplate's objections or a notice that the case had settled. (ECF No. 44.) The November 8, 2019, deadline passed, and Plaintiff failed to file either a response to Aeroplate's objections or notice that the case had settled. Therefore, on November 13, 2019, the Court issued an order requiring Plaintiff to show cause, no later than November 20, 2019, why sanctions, up to and including dismissal of this case, should not be issued for failure to comply with the Court's orders and for Plaintiff's failure to prosecute this case.

On November 14, 2019, Plaintiff emailed a letter to the Court's courtroom deputy, but did not file a response to the order to show cause. The Court interpreted Plaintiff's letter as a response to the order to show cause and directed the Clerk of the Court to file that response. (ECF No. 46, 47.) In the letter, Plaintiff stated the following:

> Dear Judge Grosjean:
>
> This responds to the Order To Show Cause issued on November 13, 2019. No response to the objections asserted by Aeroplate was provided because the parties have

been in settlement negotiations and had agreed to an open ended extension of time to respond while final details were hammered out.

Please be advised that a settlement has been reached. We are working on the paperwork. The settlement contemplates a payment plan. The judgment will not be deemed satisfied until payment, in good and sufficient funds, is received in full.

I apologize to the court for any inconvenience caused and ask that this case remain open until the judgment is deemed satisfied. We will then file appropriate documents with the court confirming satisfaction of the judgment. Please let me know if you need anything further, and thank you for your attention to this matter.

(ECF No. 46, Letter from Horner Law Group dated November 14, 2019.)

The Court found Plaintiff's explanation failed to adequately justify its failure to comply with the Court's orders. However, the Court discharged the order to show cause and, although the Court declined to impose sanctions, it "caution[ed] Plaintiff that any further violations of the Court's orders, or failures to comply with Court procedures and rules, will be met with less tolerance and could result in the imposition of sanctions, including the dismissal of this case." (ECF No. 47 at 1-2; *see id*. at 4-5.) The Court directed the parties to file, no later than December 31, 2019, either (a) a notice of settlement; (b) a response to Aeroplate's objections; or (c) a request to withdraw the application for a judgment debtor examination of Aeroplate. (ECF No. 47 at 5.)

2. *Notice of Settlement and Order Directing the Filing of Appropriate Dispositional Documents*

On December 30, 2019, Plaintiff filed a notice of conditional settlement and request that all deadlines governing the case be vacated. (ECF No. 48.) On December 31, 2019, the Court issued a minute order vacating all pending hearings and deadlines and directed the parties to file dispositional documents no later than January 31, 2020. (ECF No. 49.) On January 31, 2020, Plaintiff filed an unsigned acknowledgement of satisfaction of judgment. (ECF No. 50.)

On February 4, 2020, the Court issued a minute order (ECF No. 51) informing the parties that the unsigned acknowledgment of satisfaction of judgment filed by Plaintiff was insufficient, and did not comply with the Court's December 31, 2019, order directing the parties to file appropriate dispositional documents no later than January 31, 2020 (ECF No. 49 ). The Court directed that, no later than February 10, 2020, the parties were to file a notice of voluntary dismissal or a stipulation for dismissal under Fed. R. Civ. P. 41(a)(1)(A) if the case was fully

3

resolved, or a joint status report if the case was not fully resolved (ECF No. 51).

The February 10, 2020, deadline has passed, and Plaintiff has not filed a notice of voluntary dismissal, nor have the parties filed a stipulation for dismissal or a joint status report as required by the Court's February 4, 2020, order. Plaintiff has thus, yet again, failed to comply with the Court's orders. Accordingly, the Court orders Plaintiff to show cause why sanctions, up to and including dismissal of this case, should not be issued for failure to comply with the Court's orders and for Plaintiff's failure to prosecute this case.

IT IS ORDERED that no later than **February 27, 2020**, Plaintiff, Jersey Architectural Door & Supply, Inc., shall file a written response to this Order to Show Cause explaining its failure to comply with the Court's order requiring the filing of a notice of voluntary dismissal, stipulation for dismissal, or joint status report, and indicating whether it intends to prosecute this action.

**Plaintiff is cautioned that failure to respond to this Order as set forth above may result in the imposition of sanctions, up to and including the dismissal of this case.**

IT IS SO ORDERED.

Dated: **February 20, 2020**          /s/ Erin P. Gro[illegible]
                                      UNITED STATES MAGISTRATE JUDGE

4