# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERSEY ARCHITECTURAL DOOR & SUPPLY, INC.,<br><br>Plaintiffs,<br><br>v.<br><br><br>AEROPLATE CORP., *et al.*,<br><br>Defendants. | Case No. 1:13-mc-00038-DAD-EPG<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT MONETARY SANCTIONS BE CONSIDERED FOR PLAINTIFF'S FAILURE TO COMPLY WITH AN ORDER TO SHOW CAUSE; ALTERNATIVELY, THAT THIS CASE BE DISMISSED WITH PREJUDICE FOR FAILURE TO COMPLY WITH COURT ORDERS AND FAILURE TO PROSECUTE<br><br>**FOURTEEN DAY DEADLINE** |

For the reasons discussed below, the Court recommends that imposition of monetary sanctions be considered for Plaintiff's failure to comply with the third order to show cause issued in this case, which followed Plaintiff's repeated failures to comply with previous orders. Alternatively, the Court recommends that this case be dismissed for failure to comply with the Court's orders and failure to prosecute this case.

**I.   BACKGROUND**

Plaintiff, Jersey Architectural Door & Supply, Inc., initiated this action on July 29, 2013, when it registered a foreign judgment. (ECF No. 1.) The foreign judgment lists two defendants against whom judgment was entered: Aeroplate Corp. in the amount of $185,044.86; and Ronald Patterson in the amount of $185,044.85. (*Id.*) Over the next ten months, Plaintiff requested and

received multiple abstracts of judgment, a writ of garnishment, and a writ of execution. (ECF Nos. 3-17.) However, between May 2014 and September 2018, no action occurred in the case.

### A. First Order to Show Cause

On October 31, 2018, Plaintiff filed a motion to amend the foreign judgment to add an additional judgment debtor. (ECF No. 23.) On November 2, 2018, the Court issued an order to show cause ("OSC"), requiring Plaintiff to show cause why its motion should not be denied based on lack of jurisdiction to grant the requested relief (ECF No. 24). Plaintiff filed a timely response to this OSC (ECF No. 25) and subsequently withdrew the motion to amend (*see* ECF No. 33).

On August 20, 2019, Plaintiff filed an application for an order requiring an individual named William F. Williams to appear for a debtor's examination (ECF No. 34) and on August 21, 2019, Plaintiff filed a notice to compel attendance of Mr. Williams at a debtor's examination (ECF No. 35). These filings stated that Mr. Williams was a judgment debtor (*ibid.*). However, Mr. Williams is not listed as a defendant on the foreign judgment registered by Plaintiff (*see* ECF No. 1). Moreover, although Plaintiff represented in the application that Mr. Williams was an "agent/officer/PMK" of judgment debtor Aeroplate Corp. ("Aeroplate"), Plaintiff did not provide sufficient information for the Court to determine Mr. William's relationship to Aeroplate and whether Mr. Williams is subject to a debtor examination on behalf of Aeroplate (*see* ECF No. 37). Thus, the Court denied without prejudice the application for an order requiring Mr. Williams to appear for examination and struck Plaintiff's notice to compel the attendance of Mr. Williams at a debtor examination (ECF No. 37).

### B. Second Order to Show Cause

On August 21, 2019, Plaintiff also filed an application for an order requiring judgment debtor Aeroplate to appear for, and bring certain documents to, a judgment debtor examination (ECF No. 36). The Court granted the application and entered an order on August 28, 2019, requiring Aeroplate to appear for a judgment debtor examination on September 27, 2019, and to bring the requested documents (ECF No. 38).

On September 18, 2019, Aeroplate filed objections to the scope of the documents it was required to bring to the examination (ECF No. 41). Plaintiff subsequently contacted the Court by

email and requested that the examination be continued to allow both Plaintiff and Aeroplate additional time to prepare (ECF No. 40). The Court granted the informal request and continued the hearing to November 15, 2019. (*Id.*) The Court also directed Plaintiff to file, no later than October 4, 2019, a response to Aeroplate's objections (ECF No. 42).

On October 4, 2019, Plaintiff again contacted the Court by email and requested that the deadline for Plaintiff to file its response to Aeroplate's objections be extended to October 31, 2019. Plaintiff represented to the Court that the extension of time was needed to allow Plaintiff to review the voluminous documents Aeroplate had provided and continued to provide to Plaintiff, and also because the parties were meeting and conferring in an effort to settle the matter, which would render a judgment debtor examination unnecessary (ECF No. 43). The Court granted the informal request, and extended to October 31, 2019, the deadline for Plaintiff to file its response to Aeroplate's objections. (*Id.*) The October 31, 2019, deadline passed, and Plaintiff failed to file a response to Aeroplate's objections as ordered by the Court.

On November 5, 2019, the Court vacated the judgment debtor examination that was set for November 15, 2019, and ordered Plaintiff to file, no later than November 8, 2019, its response to Aeroplate's objections or a notice that the case had settled (ECF No. 44). The November 8, 2019, deadline passed, and Plaintiff failed to file either a response to Aeroplate's objections or notice that the case had settled as required by the Court's order.

On November 13, 2019, the Court issued its second OSC in this case. The OSC required Plaintiff to file a written response no later than November 20, 2019, showing cause why sanctions, up to and including dismissal of this case, should not be issued for Plaintiff's failure to comply with the Court's orders and failure to prosecute this case (ECF No. 45). The Court cautioned Plaintiff that failure to respond to the OSC "may result in the dismissal of this case." (*Id.* at 2.)

On November 14, 2019, Plaintiff emailed a letter to the Court's courtroom deputy, but did not file a response to the OSC as directed by the Court. The Court, however, interpreted Plaintiff's emailed letter as a response to the OSC and directed the Clerk of the Court to file that response. (ECF Nos. 46, 47.) In the letter, Plaintiff stated the following:

> Dear Judge Grosjean:
>
> This responds to the Order To Show Cause issued on November 13, 2019. No response to the objections asserted by Aeroplate was provided because the parties have been in settlement negotiations and had agreed to an open ended extension of time to respond while final details were hammered out.
>
> Please be advised that a settlement has been reached. We are working on the paperwork. The settlement contemplates a payment plan. The judgment will not be deemed satisfied until payment, in good and sufficient funds, is received in full.
>
> I apologize to the court for any inconvenience caused and ask that this case remain open until the judgment is deemed satisfied. We will then file appropriate documents with the court confirming satisfaction of the judgment. Please let me know if you need anything further, and thank you for your attention to this matter.

(ECF No. 46, Letter from Horner Law Group dated November 14, 2019.)

The Court found that Plaintiff's explanation failed to adequately justify its failure to comply with the Court's order. Nonetheless, the Court discharged the second OSC and, although the Court declined to impose sanctions, it "caution[ed] Plaintiff that any further violations of the Court's orders, or failures to comply with Court procedures and rules, will be met with less tolerance and could result in the imposition of sanctions, including the dismissal of this case." (ECF No. 47 at 1-2; *see id*. at 4-5.) The Court directed the parties to file, no later than December 31, 2019, either (a) a notice of settlement; (b) a response to Aeroplate's objections; or (c) a request to withdraw the application for a judgment debtor examination of Aeroplate. (ECF No. 47 at 5.)

### C. <u>Third Order to Show Cause</u>

On December 30, 2019, Plaintiff filed a notice of conditional settlement and request that all deadlines governing the case be vacated. (ECF No. 48.) On December 31, 2019, the Court issued a minute order vacating all pending hearings and deadlines and directed the parties to file dispositional documents no later than January 31, 2020. (ECF No. 49.) On January 31, 2020, Plaintiff filed an *unsigned* acknowledgement of satisfaction of judgment. (ECF No. 50.)

On February 4, 2020, the Court issued a minute order (ECF No. 51) informing the parties that the unsigned acknowledgment of satisfaction of judgment filed by Plaintiff was insufficient, and did not comply with the Court's December 31, 2019, order directing the parties to file appropriate dispositional documents no later than January 31, 2020 (ECF No. 49). The Court

directed the parties to file, no later than February 10, 2020, a notice of voluntary dismissal or a stipulation for dismissal under Fed. R. Civ. P. 41(a)(1)(A) if the case was fully resolved, or a joint status report if the case was not fully resolved (ECF No. 51).

The February 10, 2020, deadline passed, and Plaintiff failed to file a notice of voluntary dismissal, a stipulation for dismissal, or a joint status report as required by the Court's February 4, 2020, order. Thus, on February 20, 2020, the Court issued its third OSC in this case (ECF No. 52). The third OSC required Plaintiff to file a written response, no later than February 27, 2020, explaining its failure to comply with the Court's February 4, 2020, order requiring the filing of a notice of voluntary dismissal, stipulation for dismissal, or joint status report, and indicating whether it intends to prosecute this action (*id.*). Plaintiff was cautioned that failure to respond to the OSC may result in the imposition of sanctions, up to and including the dismissal of this case (*id.*). Plaintiff has not filed a response to the OSC issued February 20, 2020, and thus has yet again failed to comply with the Court's orders.

## II. RECOMMENDATION FOR IMPOSITION OF SANCTIONS

The Federal Rules of Civil Procedure are to "be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. In order to effectuate this purpose, the Rules provide for the imposition of sanctions against parties who fail to comply with court orders or that unnecessarily multiply the proceedings. *See, e.g.,* Fed. R. Civ. P. 16(f); Fed. R. Civ. P. 37(b). Under Federal Rule of Procedure 16(f), a court may issue any just order "if a party or its attorney . . . fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1)(C).

A court also possesses inherent authority to impose sanctions to manage its own affairs so as to achieve the orderly and expeditious disposition of cases. *Chambers v. NASCO, Inc.,* 501 U.S. 32, 43 (1991). A court's inherent power is that which is necessary to the exercise of all others, including to protect the due and orderly administration of justice and maintain the authority and dignity of the court. *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 764 (1980).

The Local Rules provide additional authority for a court's imposition of sanctions. Local Rule 110 provides: "Failure of counsel or of a party to comply with these Rules or with any order

of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." L.R. 110. In addition, Local Rule 184(a) provides:

> In the event any attorney subject to these Rules engages in conduct that may warrant discipline or other sanctions, any Judge or Magistrate Judge may initiate proceedings for contempt under 18 U.S.C. § 401 or Fed. R. Crim. P. 42, or may, after reasonable notice and opportunity to show cause to the contrary, taken any other appropriate disciplinary action against the attorney. In addition to or in lieu of the foregoing, the Judge or Magistrate Judge may refer the matter to the disciplinary body of any Court before which the attorney has been admitted to practice.

L.R. 184(a).

### A. Imposition of Monetary Sanctions

To coerce a party to comply with the court's orders, the court may issue sanctions for every day the party fails to respond to the court's orders to show cause. *See Lasar v. Ford Motor Co.*, 399 F.3d 1101, 1110 (9th Cir. 2005) (a court has authority to impose civil sanctions that are "intended to be remedial by coercing the [party] to do what he had refused to do").

Here, Plaintiff has shown a complete disregard of and lack of respect for the Court's orders. Plaintiff has repeatedly violated the Court's orders, and its conduct has resulted in the Court issuing a second and third OSC in this case. In discharging the second OSC, the Court found that Plaintiff provided an inadequate justification for violating the Court's previous orders, reminded Plaintiff and its counsel of the duty to comply with all Court orders. The Court also cautioned Plaintiff that while the Court was being flexible about the violations at issue in the second OSC, and was declining to impose sanctions at that time, any future violations of the Court's orders "will be met with less tolerance and could result in the imposition of sanctions including dismissal of this action." Despite these warnings, Plaintiff again violated the Court's orders, prompting the Court to issue a third OSC, to which Plaintiff has failed to respond.

Given the seriousness of Plaintiff's complete disregard and lack of respect for the Court's previous orders, and Plaintiff's failure to respond to the Court's third OSC, it appears that imposition of sanctions may be appropriate to compel Plaintiff to respond and comply with the third OSC. However, the Court leaves the imposition of such sanctions to the discretion of the district judge assigned to this case.

### B. Imposition of Sanction of Dismissal for Failure to Prosecute and Comply with the Court's Orders

Alternatively, if the district judge declines to impose monetary sanctions to compel Plaintiff's compliance with the third OSC, the Court recommends that this action be dismissed for Plaintiff's failure to prosecute and comply with the Court's orders.

"In determining whether to dismiss [an action] for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"'The public's interest in expeditious resolution of litigation always favors dismissal.'" *Id.* (quoting *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)). Thus, this factor weighs in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." *Id.* at 642 (citing *Yourish*, 191 F.3d at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," *id.* at 643, and it is Plaintiff's failure to prosecute this action, which has been pending since 2013, and failure to comply with the Court's orders, that is causing delay. The case is now stalled until Plaintiff files a notice of voluntary dismissal, a stipulation for dismissal, or informs the Court what, if anything, remains to be addressed in the case.[1] Therefore, the third factor weighs in favor of dismissal.

As to the availability of lesser sanctions, at this stage in the proceedings there is little available to the Court, other than the monetary sanctions discussed above, that would constitute a satisfactory alternative and potentially lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Further, the preclusion of evidence or witnesses

---

[1] As noted previously, Plaintiff filed an unsigned acknowledgement of satisfaction of judgment (ECF No. 50). This unsigned document is insufficient to comply with the Court's order requiring Plaintiff to file dispositional documents (ECF Nos. 59, 51, 52), and is also insufficient to trigger dismissal of this action.

is not available given the stage of this proceeding.

Finally, because public policy favors disposition on the merits, this factor weighs against dismissal. *Id.*

Based on a weighing of the factors, if the district judge declines to impose monetary sanctions, dismissal with prejudice may be an appropriate alternative sanction.

## III. RECOMMENDATIONS

For the foregoing reasons, the Court HEREBY RECOMMENDS that:

1. The district judge assigned to this case consider imposing monetary sanctions in the amount of $100 for every day that Plaintiff fails to respond to the Court's third OSC, with such sanctions beginning on the date the district judge enters its order imposing such sanctions;

2. Alternatively, that this action be dismissed, with prejudice, based on Plaintiff's failure to comply with the Court's orders and failure to prosecute, and that the Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, the parties may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (quoting *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **March 16, 2020**

/s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE

8